| | |
|---|---|
| 1 | DAVID L. ANDERSON (CABN 149604)<br>United States Attorney |
| 2 | |
| 3 | HALLIE HOFFMAN (CABN 210020)<br>Chief, Criminal Division |
| 4 | AJAY KRISHNAMURTHY (CABN 305533)<br>RICHARD EWENSTEIN (CABN 294649) |
| 5 | Assistant United States Attorneys |
| 6 | 450 Golden Gate Avenue, Box 36055<br>San Francisco, California 94102-3495 |
| 7 | Telephone: (415) 436-7050<br>FAX: (415) 436-7027 |
| 8 | Ajay.krishnamurthy@usdoj.gov |
| 9 | Attorneys for United States of America |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. CR 18-267 RS |
| Plaintiff, | ) ) | STIPULATION AND ORDER TO |
| v. | ) ) | RESCHEDULE PRETRIAL CONFERENCE AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT |
| RICHARD LEE PARMER, JR., | ) ) | |
| Defendant. | ) ) | |

The pretrial conference for this case is currently scheduled for 10 a.m. on April 15, 2020. Trial is currently scheduled for May 4, 2020. At the last status conference on February 4, 2020, the Court excluded time between February 4, 2020 and April 15, 2020 for the effective preparation of counsel, *see* 18 U.S.C. § 3161(h)(7)(A), (B)(iv). ECF No. 114.

The parties respectfully request that the pretrial conference be rescheduled to 10 a.m. on April 29, 2020. In light of the difficulties created by the COVID-19 outbreak (as described in more detail below), the additional time will allow the parties to continue to confer, and to ultimately provide the Court with better estimates as to trial length, scheduling, witness availability, exhibit presentation,[1] and other

---

[1] For example, in child exploitation cases, exhibits constituting contraband have traditionally been

STIPULATION AND PROPOSED ORDER    1
CR 18-267 RS

logistical issues prior to trial. The parties have not reached any stipulation as to alternative trial dates.

The parties agree to the exclusion of time under the Speedy Trial Act until April 29, 2020. First, the parties continue to prepare for the trial currently scheduled for May 4, 2020. Further, under 18 U.S.C. § 3161(h)(7)(A), the Court may appropriately exclude time "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance and exclude time in such circumstances. *See, e.g.*, *Furlow v. United States*, 644 F.2d 764 (9th Cir. 1981) (finding no Speedy Trial Act violation where the district court granted an ends-of-justice continuance following the eruption of Mt. St. Helens).

On March 16, 2020, Northern District of California Chief District Judge Phyllis J. Hamilton issued General Order No. 72, In Re: Coronavirus Disease Public Health Emergency. General Order No. 72 sets forth the Court's finding that—in light of the state of emergency declared by the President of the United States and California; recommendations by the Centers for Disease Control and Prevention (CDC) and other public health departments to avoid large gatherings of people and to particularly avoid person-to-person contact among the elderly and other vulnerable populations; the shelter-in-place directives; and the Court's consideration of the various interests implicated by the COVID-19 outbreak "including: the health of jurors, witnesses, parties, attorneys, the public, court staff, Probation and Pretrial Services staff, chambers staff, and judges; the constitutional rights of criminal defendants and other parties; and the public's interest in, and the court's duty to ensure, the effective and expeditious administration of justice"; the Court's reduced ability to obtain an adequate spectrum of jurors and the limitations on availability of counsel and court staff to be present in the courtroom based on COVID-19 and responses to the public health emergency—the ends of justice are served by ordering the continuances of trials commencing before May 1, 2020, and by postponing appearances with the defendant's consent. On March 23, 2020, the Court closed the San Jose courthouse entirely until April

---

maintained only in paper format. The parties are uncertain whether that continues to be feasible here.

STIPULATION AND PROPOSED ORDER 2
CR 18-267 RS

7, 2020. General Order 73 (amended). On March 25, 2020, the Court also closed the Oakland and Eureka/McKinleyville courthouses. *Id.*

General Order 72 found that the ends of justice served by ordering continuances outweigh the interest of the public and any defendant's right to a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(A). The parties stipulate that General Order 72 applies to the above-captioned case, specifically. COVID-19 is a global pandemic. To avoid the spread of COVID-19, the state of California is currently ordered to shelter in place and "heed the current State public health directives." California Executive Order N-33-20, available at https://covid19.ca.gov/img/Executive-Order-N-33-20.pdf (issued March 19, 2020). A number of other states have also ordered people to stay at home.

These realities hamper defense counsels' ability to meet with the defendant, relevant personnel, and witnesses. They also restrict the government's ability to meet with its witnesses. For instance, officers with the SFPD's Special Victims Unit (the main investigative agency for this case) have temporarily been reassigned to other duties in order to assist patrol units during this period.

A failure to grant the requested exclusion of time and continuance would therefore unreasonably deny counsel continuity of counsel or deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The exclusion of time until April 29, 2020 is therefore appropriate under 18 U.S.C. § 3161(h)(7)(B)(iv), as the ends of justice served the granting of such continuance outweigh the best interest of the public and the defendant in a speedy trial.

SO STIPULATED:

                                                                                    DAVID L. ANDERSON
                                                                                     United States Attorney

DATED: March 31, 2020                                                      /s/
                                                                                     AJAY KRISHNAMURTHY
                                                                                     RICHARD EWENSTEIN
                                                                                     Assistant United States Attorneys

DATED: March 31, 2020                                                      /s/
                                                                                     ED SWANSON
                                                                                     Attorney for the Defendant

# ORDER

Based on the parties' stipulation, and good cause appearing, it is ordered that the pretrial conference is rescheduled to 10 a.m. on April 29, 2020. Further, based on the reasons in the stipulation of the parties above, the Court hereby finds that the exclusion of time from February 4, 2020 to April 29, 2020 (inclusive) is warranted and that the ends of justice served by the continuance outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. §§ 3161(h)(7)(A). The failure to grant the requested continuance would deny defendant effective preparation of counsel. 18 U.S.C. §§ 3161(h)(7)(A), (B)(iv).

DATED: March 31, 2020

HON. RICHARD SEEBORG
United States District Judge