1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  AJAY KRISHNAMURTHY (CABN 305533)
   RICHARD EWENSTEIN (CABN 294649)
5  Assistant United States Attorneys

6      450 Golden Gate Avenue, Box 36055
       San Francisco, California 94102-3495
7      Telephone: (415) 436-7050
       FAX: (415) 436-7027
8      Ajay.krishnamurthy@usdoj.gov

9  Attorneys for United States of America

10                   UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12                     SAN FRANCISCO DIVISION

13
   UNITED STATES OF AMERICA,          )   CASE NO. CR 18-267 RS
14                                      )
            Plaintiff,                  )   STIPULATION AND ORDER TO RESCHEDULE
15                                      )   PRETRIAL CONFERENCE AND TRIAL DATES,
       v.                               )   AND EXCLUDE TIME UNDER THE SPEEDY
16                                      )   TRIAL ACT
   RICHARD LEE PARMER, JR.,            )
17                                      )
            Defendant.                  )
18  _____ )

19
        The pretrial conference for this case is currently scheduled for 10 a.m. on April 29, 2020. Trial is
20
   currently scheduled for May 4, 2020. At the last status conference on February 4, 2020, the Court
21
   excluded time between February 4, 2020 and April 15, 2020 for the effective preparation of counsel, *see*
22
   18 U.S.C. § 3161(h)(7)(A), (B)(iv). ECF No. 114. Pursuant to the parties' stipulation, the Court
23
   subsequently excluded time, also for the effective preparation of counsel, until April 29, 2020. ECF No.
24
   117.
25
        In light of the local shelter-in-place orders and the uncertainty about when those orders will be
26
   lifted, and in order to effectively prepare for trial, the parties respectfully request that:
27
        • the pretrial conference be rescheduled to 10 a.m. on July 1, 2020, and
28

STIPULATION AND PROPOSED ORDER          1
CR 18-267 RS

1   • trial be rescheduled for 9 a.m. on July 27, 2020.[1]

2   The Government estimates that its case-in-chief will take no more than 3 days.

3       The parties agree to the exclusion of time under the Speedy Trial Act until July 27, 2020.  The

4   parties continue to prepare for the trial. Further, under 18 U.S.C. § 3161(h)(7)(A), the Court may

5   appropriately exclude time "on the basis of his findings that the ends of justice served by taking such

6   action outweigh the best interest of the public and the defendant in a speedy trial."  Although the Speedy

7   Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other

8   emergencies, this Court has discretion to order a continuance and exclude time in such circumstances.

9   *See, e.g.*, *Furlow v. United States*, 644 F.2d 764 (9th Cir. 1981) (finding no Speedy Trial Act violation

10  where the district court granted an ends-of-justice continuance following the eruption of Mt. St. Helens).

11      On March 16, 2020, Northern District of California Chief District Judge Phyllis J. Hamilton

12  issued General Order No. 72, In Re: Coronavirus Disease Public Health Emergency.  General Order No.

13  72 sets forth the Court's finding that—in light of the state of emergency declared by the President of the

14  United States and California; recommendations by the Centers for Disease Control and Prevention

15  (CDC) and other public health departments to avoid large gatherings of people and to particularly avoid

16  person-to-person contact among the elderly and other vulnerable populations; the shelter-in-place

17  directives; and the Court's consideration of the various interests implicated by the COVID-19 outbreak

18  "including: the health of jurors, witnesses, parties, attorneys, the public, court staff, Probation and

19  Pretrial Services staff, chambers staff, and judges; the constitutional rights of criminal defendants and

20  other parties; and the public's interest in, and the court's duty to ensure, the effective and expeditious

21  administration of justice"; the Court's reduced ability to obtain an adequate spectrum of jurors and the

22  limitations on availability of counsel and court staff to be present in the courtroom based on COVID-19

23  and responses to the public health emergency—the ends of justice are served by ordering the

24  continuances of trials commencing before May 1, 2020, and by postponing appearances with the

25  defendant's consent.  On March 23, 2020, the Court closed the San Jose courthouse entirely until April

26

27      [1] The parties confirmed with the Court's court-room deputy that the Court was available to
    begin trial on July 27, 2020.

28

STIPULATION AND PROPOSED ORDER          2
CR 18-267 RS

7, 2020.  General Order 73 (amended).  On March 25, 2020, the Court also closed the Oakland and Eureka/McKinleyville courthouses.  *Id.*

General Order 72 found that the ends of justice served by ordering continuances outweigh the interest of the public and any defendant's right to a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(A). The parties stipulate that General Order 72 applies to the above-captioned case, specifically.  COVID-19 is a global pandemic.  To avoid the spread of COVID-19, the state of California is currently ordered to shelter in place and "heed the current State public health directives."  California Executive Order N-33-20, available at https://covid19.ca.gov/img/Executive-Order-N-33-20.pdf (issued March 19, 2020).  A number of other states have also ordered people to stay at home.

These realities hamper defense counsels' ability to meet with the defendant, relevant personnel, and witnesses.  The defendant was released from federal custody on April 14, 2020, and is currently residing in a residential treatment program.  The defense needs additional time to review evidence with the defendant.[2]  The current shelter-in-place orders also restricts the Government's ability to meet with its witnesses.  For instance, officers with the SFPD's Special Victims Unit (the main investigative agency for this case) have temporarily been reassigned to other duties in order to assist patrol units during this period.

A failure to grant the requested exclusion of time and continuance would therefore unreasonably deny counsel continuity of counsel or deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

//

//

//

//

//

//

---

[2]      In response to a defense request, the Government produced additional material on April 15, 2020.

STIPULATION AND PROPOSED ORDER            3
CR 18-267 RS

The exclusion of time until July 27, 2020 is therefore appropriate under 18 U.S.C. § 3161(h)(7)(B)(iv), as the ends of justice served the granting of such continuance outweigh the best interest of the public and the defendant in a speedy trial.

SO STIPULATED:

DAVID L. ANDERSON
United States Attorney

DATED: April 22, 2020                              _____/s/_____
                                                  AJAY KRISHNAMURTHY
                                                  RICHARD EWENSTEIN
                                                  Assistant United States Attorneys

DATED: April 22, 2020                              _____/s/_____
                                                  ED SWANSON
                                                  Attorney for the Defendant

## ORDER

Based on the parties' stipulation, and good cause appearing, it is ordered that the pretrial conference is rescheduled to 10 a.m. on July 1, 2020 and jury selection to 9 a.m. on July 27, 2020. Further, based on the reasons in the stipulation of the parties above, the Court hereby finds that the exclusion of time from April 29, 2020 to July 27, 2020 (inclusive) is warranted and that the ends of justice served by the continuance outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. §§ 3161(h)(7)(A). The failure to grant the requested continuance would deny defendant effective preparation of counsel. 18 U.S.C. §§ 3161(h)(7)(A), (B)(iv).

DATED:  April 22, 2020                             _____
                                                  HON. RICHARD SEEBORG
                                                  United States District Judge