UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD LEE PARMER, JR.,<br><br>Defendant. | Case No. 18-cr-00267-RS-1<br><br>**ORDER DENYING USA'S MOTION IN LIMINE WITHOUT PREJUDICE** |

## I.   INTRODUCTION[1]

The government moves to admit evidence of Defendant Richard Parmer, Jr.'s 1999 conviction for Gross Sexual Imposition, in violation of Ohio Rev. Code § 2907.05, to impeach Parmer's credibility should he elect to testify at trial. Parmer opposes the motion, arguing the government has not met its high burden for admitting evidence of a prior conviction over 10 years old.  For the reasons explained below, the government's motion is denied without prejudice.

## II.   LEGAL STANDARD

Federal Rule of Evidence 609 applies to "attacking a witness's character for truthfulness by evidence of a criminal conviction." The rule prohibits the admission of a prior conviction that is more than ten years old unless "its probative value, supported by specific facts and

---

[1] Prior orders have recounted the factual background of this case, which need not be repeated here. *See, e.g.*, Order Den. Mot. to Suppress, ECF No. 99 at 1-4.

circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b). This operates as a "presumption…against [the] admissibility" of such convictions. *United States v. Portillo*, 633 F.2d 1313, 1323 (9th Cir. 1980). The Ninth Circuit has articulated five factors to consider when evaluating the admissibility of a prior conviction for impeachment purposes: "(1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of defendant's testimony; and (5) the centrality of defendant's credibility." *United States v. Hursh*, 217 F.3d 761, 768 (9th Cir. 2000) (citation omitted).

### III.   DISCUSSION

Both sides agree that the second factor counsels against admitting the prior conviction, since it was issued in 1999, more than twenty years ago. The third factor also points to a clear risk of unfair prejudice, given the victim of Parmer's prior conviction is "similar in age and of the same gender as the majority of the victims in the photographs" Parmer is charged with possessing. *United States v. Thornhill*, 940 F.3d 1114, 1119 (9th Cir. 2019) (finding "sexual abuse of a child and receipt of child pornography" similar crimes for purposes of a balancing test under Rules 403 and 414). This similarity introduces "a substantial risk that all exculpatory evidence will be overwhelmed by a jury's fixation on the human tendency to draw a conclusion which is impermissible in law: because he did it before, he must have done it again." *United States v. Bagley*, 772 F.2d 482, 488 (9th Cir. 1985).

The other three factors are not as clear-cut but on balance point against admission of the prior conviction. Regarding the first factor, the government relies on various out-of-circuit cases to argue that sexual assault convictions can be admissible for their impeachment value.  Mot. in Limine, Dkt. No. 138 at 3-4 (citing cases).  However, courts within this circuit have shown a reluctance to attach impeachment value to crimes that do not necessarily involve dishonesty. *See, e.g.*, *United States v. Larsen*, 596 F.2d 347, 348 (9th Cir. 1979) ("The fact that a defendant has been convicted of child molesting bears only nominally on his credibility."); *Brooks v. Haggett*, No. 07-cv-02615-MEJ, 2010 WL 4226693 at *7-8 (N.D. Cal. Oct. 21, 2010) (admitting

defendant's burglary convictions because it was "unclear whether they were committed by fraudulent or deceitful means" but excluding defendant's conviction for lewd acts on a child under fifteen given its "nominal bearing…on [defendant's] credibility") (internal quotations omitted). While convictions for violent felonies may always bear on a defendant's character, there is no evidence that Parmer's prior conviction involved dishonesty. Accordingly, the government has not made a compelling showing that Parmer's prior conviction would be of any particular value in attacking Parmer's character for truthfulness.

The government also argues that the fourth and fifth factors favor admission, because it anticipates that Parmer's "credibility will play a key role in this case." Mot. in Limine, at 4. However, "the probative value of a prior conviction may *not* be determined by how important the defendant's credibility is to the opposing party." *United States v. Bensimon*, 172 F.3d 1121, 1126 (9th Cir. 1999) (noting this argument "misconstrues the yardstick by which probative value is measured") (internal citations omitted) (emphasis in original). Rather, "the probative value of the witness's conviction is measured by how well it demonstrates his lack of trustworthiness, not how badly the opposing party wants to impeach him." *Id.* (quoting *American Home Assurance Co. v. American President Lines, Ltd.*, 44 F.3d 774, 779 (9th Cir. 1994). In this instance, a 20-year-old conviction does not reflect strongly on Parmer's trustworthiness.

At bottom, the government has failed to establish that the probative value of Parmer's prior conviction *substantially outweighs* the prejudice that would flow from its admission. *See* Fed R. Evid. 609(b). Society has attached a particular opprobrium to child molestation, which makes the risk of unfair prejudice particularly acute in this context. Moreover, the probative value of a prior conviction wanes with the passage of time, as is the case with Parmer's decades-old conviction. As the Advisory Committee notes to Rule 609(b) explain, "convictions over 10 years old will be admitted *very rarely and only in exceptional circumstances*." Fed. R. Evid. 609(b) advisory committee's note (emphasis added). The government has failed to establish, at this juncture, that this is such a case.

## IV. CONCLUSION

Based on the foregoing, the government's motion is denied. However, the government was admittedly at a disadvantage when arguing in favor of admissibility, because it could only conjecture on the contents of Parmer's testimony. *See Luce v. United States*, 469 U.S. 38, 41 (1984) (observing that a district court "must know the precise nature of the defendant's testimony" to perform the balancing analysis under Rule 609). Should Parmer choose to testify in a way that changes this preliminary analysis—for example by categorically denying any prior illicit contact with a minor—the government is not precluded from renewing its motion. *See id.* at 41-42 (confirming that a "district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling" and observing that an *in limine* ruling on the admissibility of a prior conviction in particular "is subject to change when the case unfolds"). Accordingly, the denial is without prejudice.

**IT IS SO ORDERED**.

Dated: July 7, 2020

_____
RICHARD SEEBORG
United States District Judge