STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

AJAY KRISHNAMURTHY (CABN 305533)
RICHARD EWENSTEIN (CABN 294649)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7050
    FAX: (415) 436-7234
    Ajay.krishnamurthy@usdoj.gov
    Richard.ewenstein@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | 18-CR-267-RS |
| Plaintiff, | UNITED STATES' TRIAL MEMORANDUM |
| v. | Trial Date: September 2, 2021 |
| RICHARD LEE PARMER, JR., | |
| Defendant. | |

The United States respectfully submits the following Trial Memorandum.

## I.    Background

In June 2019, a federal grand jury returned a Superseding Indictment charging defendant Richard Lee Parmer, Jr. with three offenses: distribution of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (b) (Count One); receipt of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (b) (Count Two); and possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2) (Count Three).

These charges arise from a San Francisco Police Department investigation into the distribution of

child pornography via the peer-to-peer file sharing protocol BitTorrent. ECF No. 99 at 1–2. SFPD officers determined that in March 2018, a "device at Internet Protocol ("IP") address 73.162.196.114 used BitTorrent to share child pornography," and then traced that IP address to Parmer's apartment on Treasure Island. ECF No. 99. In April 2018, officers executed a search warrant at the apartment and discovered several devices containing child pornography in Parmer's bedroom.

**II.     Evidence to Be Presented at Trial**

The parties anticipate agreeing to stipulations to streamline the presentation of evidence at trial. That process has been slowed by defense counsel's lack of access to the defendant over the past month, but the parties will file their proposed stipulations as soon as possible.

Additionally, the United States intends to call two witnesses: San Francisco Police Department Sergeant and HSI Task Force Officer Christopher Servat and Santa Clara Police Department Detective and Forensic Examiner Steven Ernst. Sergeant Servat was involved in the investigation into IP address 73.162.196.114. Detective Ernst was responsible for examining electronic devices seized from Parmer's residence. Through either stipulation or the testimony, the United States anticipates establishing the following:

*A.   SFPD's identification of a device at IP address 73.162.196.114*

On March 13, 2018 and March 14, 2018, SFPD used BitTorrent to download graphics and videos constituting child pornography from a device at IP address 73.162.196.114. SFPD identified the device as using BitTorrent client software BitTorrent 7.1.

*B.   Parmer's residence at 1432 Halibut Court, Unit D in San Francisco*

On March 13, 2018 and March 14, 2018, IP address 73.162.196.114 was assigned to Comcast subscriber Melvin Crowder, with a service address of 1432 Halibut Court, Unit D in San Francisco, California. In March and April 2018, defendant Richard Lee Parmer, Jr. lived in a bedroom within 1432 Halibut Court, Unit D in San Francisco, California. In April 2018, SFPD executed a search warrant at this location and seized several electronic devices from Parmer's bedroom.

*C.   Parmer's ownership of devices containing child pornography*

The United States anticipates presenting evidence that three devices belonging to Parmer

TRIAL MEMORANDUM
18-CR-267-RS

contained either child pornography or other files of investigative significance.

Specifically:

- A Toshiba model MQ01ABD0 hard drive bearing serial number 640JPCSPT (and assigned identifying number SVE055263 by the Regional Computer Forensics Lab) contained at least 2,116 graphics constituting child pornography. Among other files, this hard drive contained a compressed file titled Nipspics_underage_achim-project.rar, which contained multiple graphics constituting child pornography. In addition, this hard drive contained BitTorrent client software BitTorrent 7.1 as well as .torrent files, which are files that contain metadata about files and folders that users download and/or distribute via BitTorrent.

- A Toshiba model DTC810 external hard drive bearing serial number X55XSOMUSTII1 (and assigned identifying number SVE055064 by the RCFL) contained .torrent files, including a file titled Nipspics_underage_achim-project.rar.torrent.

- A Toshiba model DTC810 external hard drive bearing serial number 87L4TFIMT0ZF (and assigned identifying number SVE055065 by the RCFL) contained at least 512 graphics and 109 videos constituting child pornography.

Further, the United States anticipates that Detective Ernst will testify regarding "hash values," which are cryptographical algorithms used to mathematically compare and authenticate data. When two or more digital files have the same hash value as each other, those two files are identical and contain the same data. The United States anticipates that Detective Ernst will testify that during his examination of Parmer's devices, he identified hundreds of graphics and video files on SVE055263 and SVE055065 that were "hash matches" to the child pornography files distributed via BitTorrent to SFPD by a device using IP address 73.162.196.114.

### D. BitTorrent 7.1

The BitTorrent client software installed on Parmer's computer—BitTorrent 7.1—requires users to accept a license agreement that acknowledges that files downloaded via BitTorrent will also be uploaded to others. Moreover, the user interface of the BitTorrent client displays an "upload" speed, which shows the user how quickly his files are being distributed to other users. Finally, BitTorrent 7.1 on Parmer's

TRIAL MEMORANDUM
18-CR-267-RS

1   computer was set to permit a maximum of 20 "active torrents (upload or download)." As a default,

2   BitTorrent 7.1 is set to permit a maximum of 8 "active torrents (upload or download)," meaning that the

3   settings on Parmer's computer had been changed from the default settings.

4   **III.   <u>Applicable Law</u>**

5        The parties have jointly filed a summary of the Ninth Circuit jury instructions for the applicable

6   legal charges. ECF No. 198. Through this memorandum, the United States also sets out the relevant law

7   on two topics: (1) establishing the interstate commerce requirement of 18 U.S.C. § 2252, and (2)

8   sustaining convictions for both possession and receipt of child pornography without running afoul of the

9   Double Jeopardy clause of the Fifth Amendment.

10        *A.   Use of the Internet and Movement of Hard Drives in Interstate Commerce Can Each*

11                  *Independently Establish Federal Jurisdiction*

12        The interstate commerce element of the charged crimes is satisfied, and federal jurisdiction

13   established, by a defendant's use of the internet to possess or access with the intent to view child

14   pornography. *United States v. Busby*, 2014 WL 1153712, CR 11-00188 SBA (N.D. Cal. 2014). The

15   Effective Prosecution of Child Pornography Act of 2007 (the "2007 Act"), Pub.L. No. 110-358, 122

16   Stat. 4001 (2008), expanded federal jurisdiction "to the outer limits of its Commerce Clause

17   authority[.]" *Busby* at 3, *quoting United States v. Lewis*, 554 F.3d 208, 216 (1st Cir. 2009). In passing

18   the 2007 Act, Congress specifically found that "[t]he transmission of child pornography using the

19   Internet constitutes transportation in interstate commerce." *United States v. Wright*, 625 F.3d 583, 599

20   (9th Cir. 2010) *quoting* Pub.L. No. 110-358, § 102(7).

21        Even prior to the passage of the 2007 Act, evidence that the devices on which a defendant

22   possessed child pornography traveled in interstate commerce could satisfy the jurisdictional element.

23   *United States v. Lacy*, 119 F.3d 742, 750 (9th Cir. 1997). In *Lacy*, the government offered undisputed

24   evidence that the defendant's computer hard drive, monitor, and disks had traveled in interstate

25   commerce; the defendant challenged this evidence as insufficient to sustain his conviction, arguing that

26   his computer had not "produced" the visual depictions. *Id*. The Ninth Circuit affirmed the defendant's

27   conviction, writing, "[a]lthough the images on [the defendant's] computer were copies of the ones on the

28

BAMSE system, they were created—"produced"—when [the defendant] used his computer to download data. The statute requires only that *visual depictions* be produced; it does not matter that the depictions on [the defendant's] computer were copies rather than originals. *Id*. (emphasis in original)

In this case, the government intends to prove both that (1) the defendant used the internet to distribute and receive the contraband visual depictions and (2) the devices storing those visual depictions traveled in interstate commerce—even though proof of either fact could, standing alone, establish federal jurisdiction. Specifically, the government intends to prove that the defendant distributed and received the contraband visual depictions using BitTorrent, which shares files over the internet. Moreover, the government anticipates proving, by stipulation or evidence, that both the hard drive inside the defendant's laptop and an external hard drive, each of which contained contraband visual depictions, were manufactured outside the United States.

### B.   Counts Two and Three Do Not Present a Double Jeopardy Problem

Possession of child pornography is a lesser included offense of receiving child pornography. *United States v. Davenport*, 519 F.3d 940, 947 (9th Cir. 2008); *United States v. Giberson*, 527 F.3d 882, 891 (9th Cir. 2008). Therefore, if both counts are based on the same conduct, entry of judgment against a defendant on both receipt and possession counts would be multiplicitous and a double jeopardy violation. *United States v. Schales*, 546 F.3d 965, 978 (9th Cir. 2008).

On the other hand, where separate conduct supports each offense, the Double Jeopardy Clause is not implicated. *United States v. Overton*, 573 F.3d 679, 695 (9th Cir. 2009). This means that "a defendant may be convicted of both of receipt of one image and possession of another image, or for receipt of an image on [one device] and possession of the same image on [another device], but not for receipt and possession of the same image on the same device." *United States v. Johnston*, 789 F.3d 934, 938 (9th Cir. 2015).

The government may avoid offending the Double Jeopardy Clause by "distinctly set[ting] forth" the criminal activity that forms the basis of each count. *Id*. at 939 *quoting Schales*, 546 F.3d at 980. In a jury trial, the government may accomplish this by, among other things, an instruction explicitly requiring the jury to base the two convictions on separate conduct or a special verdict form requiring the

TRIAL MEMORANDUM
18-CR-267-RS

1  jury to specify the conduct on which it based its conviction. *United States v. Teague*, 722 F.3d 1187,

2  1192 (9th Cir. 2013); *United States v. Gartenlaub*, 2016 WL 3607154 (C.D. Cal.), CR 14-173-CAS.

3       In this case, the superseding indictment alleges non-overlapping dates of offense for Counts Two

4  and Three.[1] It does not, however, allege different mediums (such as different devices). Therefore, the

5  government concedes that, based on the indictment alone, a trier of fact could convict Parmer on Counts

6  Two and Three based on the same conduct. *See Teague*, 722 F.3d at 1191-92 (noting that charging

7  documents with overlapping date ranges and mediums create the possibility of multiplicitous

8  convictions).

9       To avoid this result, the government intends to prove that, within the date range specified in

10  Count Two (no later than March 13, 2018 and continuing through March 14, 2018), Parmer knowingly

11  received child pornography files that are "hash matches" to files that SFPD downloaded from Parmer's

12  IP address during its investigation. There are a total 326 graphics files and eight video files that meet

13  this description and could therefore form the basis for a conviction on Count Two. With respect to Count

14  Three, the government intends to prove that, on or about April 26, 2018, Parmer knowingly possessed

15  files containing numerous child pornography distinct from the files that form the basis for Count Two.

16

17  DATED: August 26, 2021                  Respectfully submitted,

18

19                                     STEPHANIE M. HINDS
                                   Acting United States Attorney

20

21                                  _____/s/_____
                                   RICHARD EWENSTEIN

22                                     AJAY KRISHNAMURTHY
                                   Assistant United States Attorneys

23

24

25

26

---

27  [1] Count Two alleges that the defendant received child pornography "[b]eginning on a date unknown to the grand jury but no later than March 13, 2018, continuing to on or about March 14, 2018 […]," while Count Three

28  alleges that he possessed child pornography "[o]n or about April 26, 2018 […]."

TRIAL MEMORANDUM
18-CR-267-RS